United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Moshe Edri, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-23441-Civ-Scola |
| | ) | |
| Camden Summit Partnership, L.P., | ) | |
| Defendant. | ) | |

### Order Requiring Amended Citizenship Allegations

    This matter is before the Court upon an independent review of the record. "As federal courts, we are courts of limited jurisdiction, deriving our power solely from Article III of the Constitution and from the legislative acts of Congress," and "we are bound to assure ourselves of jurisdiction even if the parties fail to raise the issue." *Harris v. United States*, 149 F.3d 1304, 1308 (11th Cir. 1998). In addition, "a jurisdictional defect cannot be waived by the parties and may be raised at any point during litigation." *Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005).

    On October 21, 2022, the Defendant Camden Summit Partnership, L.P. ("Camden") filed a notice of removal purporting to remove the instant case from Florida state court to federal court. (ECF No. 1.) The notice of removal alleges subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332. (*Id.* ¶¶ 7–12.) 28 U.S.C. § 1332(a)(1) provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

    In its notice of removal, Camden alleges that complete diversity of citizenship exists because the Plaintiff, Moshe Edri "resides in Miami, FL[,]" and Camden "is a foreign, for-profit limited partnership, organized under the laws of the State of Delaware." (Not. of Removal ¶¶ 7–8, ECF No. 1.) However, these allegations fail to adequately establish the citizenship of either of the parties.

    First, under 28 U.S.C § 1332(a)(1), it is the citizenship, or domicile, of an individual party that is the relevant inquiry, not her or his residence. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (explaining that an allegation that a party is a "resident" of a State is "insufficient for diversity jurisdiction

purposes because residency is not the equivalent of citizenship"). Thus, Camden's statement that Edri resides in Florida is inadequate for the Court to determine Edri's domicile and citizenship. Second, to sufficiently allege the citizenship of a limited partnership like itself, Camden "must list the citizenships of . . . all the partners of the limited partnership." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, Camden's statement that it is organized under the laws of the State of Delaware is wholly inadequate in this regard.[1]

Moreover, with respect to the amount in controversy requirement, where a plaintiff has not plead a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Kayode v. ABB, Inc.*, No. 18-62416-Civ, 2018 U.S. Dist. LEXIS 175618, 2018 WL 4941777, at *1 (S.D. Fla. Oc. 12, 2018) (Scola, J.). Indeed, it is the defendant's responsibility to "introduce evidence" that greater than $75,000.00 is at issue between the parties. *Brown Heating & Air Conditioning, LLC v. Sunbelt Rentals, Inc.*, No. 15-20151-Civ, 2015 U.S. Dist. LEXIS 193858, 2015 WL 12712059, at *2 (S.D. Fla. May 29, 2015) (Torres, Mag. J.) (internal quotations omitted). Conclusory allegations will not suffice, and the Court will not speculate in an attempt to compensate for insufficient allegations of jurisdiction. *See Kayode*, 2018 U.S. Dist. LEXIS 175618, 2018 WL 4941777, at *1 (discussing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001)).

Here, the notice of removal acknowledges that "[t]he Complaint does not state the specific amount of damages sought by [Edri], nor does it state the value of his claim." (Not. of Removal ¶ 13, ECF No. 1.) However, the notice of removal then goes on to state in a conclusory fashion that the amount in controversy is met based only on the "belie[f]" that Edri underwent a surgery, which, if it occurred, would have brought his damages over $75,000. (*See id.* ¶¶ 13–16.) Such conclusory and, frankly ambiguous, allegations are likely insufficient to meet the Defendant's burden of setting forth the amount in controversy between the parties at the time of removal.

Accordingly, because, based on the allegations in Camden's notice of removal, the complaint, and the record as a whole, the Court is unable to ascertain whether complete diversity exists in this case or whether the amount in controversy is met, the parties must file a joint submission amending their allegations by **December 12, 2023**. If the parties fail to provide the facts

---

[1] Indeed, the Court reminds the parties that, in alleging the citizenship of any limited liability entity, they must make sure to adequately allege the citizenship of any Camden partners that are themselves limited liability entities. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

necessary to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332, the Court may dismiss this action, albeit without prejudice, for lack of subject matter jurisdiction.

**Done and ordered** in Miami, Florida, on December 8, 2023.

_____
Robert N. Scola, Jr.
United States District Judge